# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 13, 2024

## ANGELIA JUANITA CARTER (STROUD) v. TROY STROUD

**Appeal from the Circuit Court for Hamilton County**
**No. 14D667  L. Marie Williams, Judge**

_____

## No. E2023-01699-COA-R3-CV

_____

Because no final order has been entered in the underlying trial court proceedings, this Court lacks jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

KRISTI M. DAVIS, J.; D. MICHAEL SWINEY, C.J.; AND THOMAS R. FRIERSON, II, J.

Troy Stroud, Chattanooga, Tennessee, pro se appellant.

Jason Robert Shultz, Chattanooga, Tennessee, for the appellee, Angelia Juanita Carter Stroud.

## MEMORANDUM OPINION[1]

The *pro se* appellant, Troy Stroud ("Appellant"), filed a notice of appeal with this Court in December 2023, in which he appears to be appealing the December 14, 2023 order of the Hamilton County Circuit Court ("the Trial Court").[2]  Upon receiving the appellate

_____

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The notice of appeal states that Appellant is appealing the November 22, 2023 order; however, no such order exists.  The appellant appears to be appealing the December 14, 2023 order, which includes a certificate of service dated November 22, 2023 and a stamp indicating the proposed order was filed with

record in this appeal, this Court reviewed the record on appeal to determine if the Court has subject matter jurisdiction over the appeal pursuant to Tenn. R. App. P. 13(b). Based on that review, we determined that the order appealed is not a final judgment subject to an appeal as of right under Tenn. R. App. P. 3.

The underlying case involves a petition for contempt filed by the plaintiff and appellee. Following a default judgment and final hearing on a petition for contempt in the underlying trial court proceedings, the Trial Court entered an order on August 3, 2023, finding Appellant in "willful and deliberate contempt" based on Appellant's failure to pay alimony as previously ordered in the Trial Court's October 18, 2018 order. The Trial Court, therefore, ordered that Appellant would be incarcerated for 360 days for the violations of contempt but that the sentence would be suspended if Appellant paid $10,000 to the clerk of the Trial Court. Appellant then filed a letter in the Trial Court, which the Trial Court treated as a "Motion for Another Court Date." The motion was granted, and the Trial Court entered an order scheduling "a final hearing on Plaintiff's Petition for Contempt."

The Trial Court held a second hearing on the petition for contempt and, on September 20, 2023, entered an "Order on Petition for Contempt Re-Hearing." At that time, the Trial Court suspended Appellant's sentence of incarceration and released Appellant from custody immediately. The Trial Court again found that Appellant had unpaid amounts of alimony but reserved the issue of civil contempt and set a review hearing. The Trial Court's December 14, 2023 order made no finding regarding the contempt petition and scheduled a status review hearing. After Appellant failed to appear at the subsequent status review hearing, the Trial Court scheduled a hearing on the plaintiff's contempt petition to take place on March 15, 2024, which was subsequently continued to March 25, 2024. The Trial Court Clerk provided this Court with a copy of the Trial Court's order from the March 25, 2024 hearing, wherein the Trial Court again made no finding regarding contempt and scheduled another status hearing for April 8, 2024. The April 8, 2024 wage assignment order and a status hearing order were also provided to this Court, in which the Trial Court made no findings or conclusions regarding the contempt petition.

Because it appeared that there was no final judgment in the underlying trial court proceedings, this Court entered a show cause order on April 11, 2024, providing Appellant thirty days to obtain a final judgment or else show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. Appellant filed a document that he instructed the appellate court clerk to file as a response to the show cause order; however, the document did not respond to the Court's show cause order. Because it was unclear whether Appellant had received a copy of this Court's April 11, 2024 show cause order, this Court entered a second show cause order on May 31, 2024 allowing Appellant thirty

---

the trial court on November 22, 2023. However, the order was not signed by the trial court judge and filed with the trial court clerk until December 14, 2023.

additional days to obtain a final judgment and comply with this Court's show cause orders. Appellant subsequently filed a document labeled "Ask to File a Motion to Compel," which this Court denied. In its order, this Court instructed Appellant to direct any attempts to obtain a final judgment to the Trial Court and directed Appellant to "cause the appellate record to be supplemented with the Trial Court's final judgment resolving all issues by July 1, 2024, or risk dismissal of this appeal without further notice to the appellant." After a copy of the May 31, 2024 order was returned to this Court as undeliverable, this Court entered a third show cause order in this case again directing Appellant to obtain a final judgment. No further response has been filed by Appellant, and Appellant has not supplemented the appellate record with a final judgment. To date, the copy of the show cause order sent via regular mail has not been returned to this Court. The Trial Court Clerk recently filed a notice with this Court that Appellant has not obtained a final judgment from the Trial Court.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

There is no final judgment in the trial court proceedings from which Appellant is entitled to an appeal. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed without prejudice to his ability to file a new appeal when a final, appealable judgment is entered. Costs on appeal are taxed to the appellant, Troy Stroud, for which execution may issue.

**PER CURIAM**